IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SERGIO RAFAEL GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-cv-00177 |
| | § | |
| BRADLEY ERIC BECICH, | § | |
| INDIVIDUALLY AND DBA | § | |
| CUSTOM CONCRETE COATINGS, | § | |
| AND JANET LYNN BECICH, | § | |
| INDIVIDUALLY AND DBA | § | |
| CUSTOM CONCRETE COATINGS, | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

### SUMMARY OF SUIT

1. Defendants Bradley Eric Becich, Individually and dba Custom Concrete Coatings, and Janet Lynn Becich, Individually and dba Custom Concrete Coatings (collectively, the "Defendants") operate a conrete installation business.

2. Unfortunately, the Defendants failed to pay its employee, Plaintiff Sergio Rafael Gonzalez ("Gonzalez"), overtime compensation for the overtime hours that he regularly worked.

3. Custom Concrete Coatings (the "Company") is owned and operated by Bradley Eric Becich and Janet Lynn Becich (collectively, the "Becichs").

4. Accordingly, Gonzalez brings this action to recover unpaid overtime wages, liquidated damages, and attorneys' fees owed to him under the Fair Labor Standards Act, 29 U.S.C. Section 216(b) (2017) (the "FLSA").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 29 U.S.C. Section 216(b)(2017) and 28 U.S.C. Section 1331 (2017).

6. Gonzalez brings this complaint in the district in which the Defendants resided and/or did business and where a substantial portion of the conduct charged herein occurred. Accordingly, venue is proper in this district pursuant to 28 U.S.C. Section 1391(b)(2017).

## THE PARTIES

7. Gonzalez, an individual residing in Houston, Texas, was employed with the Defendants within the meaning of the FLSA during the three-year period preceding the filing of this complaint. In performing his duties, Gonzalez engaged in commerce or in the production of goods for commerce.

8. The Company, a sole proprietorship owned and operated by the Becichs, is an enterprise engaged in commerce within the meaning of the FLSA that has acted, directly or indirectly, in the interest of an employer with respect to Gonzalez. The Company can be served with process by serving Bradley Eric Becich or Janet Lynn Becich at 3208 Mariner Drive, League City, Texas 77573, 15255 Gulf Freeway, Suite 148A, Houston, Texas 77034, 801 Quintana Roo Place, Seabrook, Texas 77586, or wherever they may be found.

9. Bradley Eric Becich, Individually and dba Custom Concrete Coatings, has acted, directly or indirectly, in the interest of an employer with respect to Gonzalez. Bradley Eric Becich may be served with process at 3208 Mariner Drive, League City, Texas 77573, 15255 Gulf Freeway, Suite 148A, Houston, Texas 77034, 801 Quintana Roo Place, Seabrook, Texas 77586, or wherever he may be found.

10. Janet Lynn Becich, Individually and dba Custom Concrete Coatings, has acted, directly or indirectly, in the interest of an employer with respect to Gonzalez. Janet Lynn Becich may be served with process at 3208 Mariner Drive, League City, Texas 77573, 15255 Gulf Freeway, Suite 148A, Houston, Texas 77034, 801 Quintana Roo Place, Seabrook, Texas 77586, or wherever she may be found.

## FACTUAL BACKGROUND

11. Gonzalez was employed by the Defendants for approximately three (3) years as an installer. Gonzalez' primary responsibilities included, without limitation, installing decorative concrete accents to garages, pools, patios, and balconies.

12. Gonzalez was paid an hourly rate, most recently $13.00 per hour for each hour worked weekly regardless of how many hours he worked he workweek.

13. No exemption excuses the Defendants from paying Gonzalez time-and-one-half for hours worked over forty (40) hours. Nor have the Defendants made a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, wilfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Gonzalez.

14. Simply put, Gonzalez, a non-exempt employee, was not properly compensated for hours worked over forty (40) each workweek despite the fact that he was entitled to be paid time-and-a-half for all hours worked in excess of forty hours in a workweek. 29 U.S.C. Section 207(a)(2017). Accordingly, the Defendants' practice of failing to pay Gonzalez overtime compensation is a clear violation of the FLSA.

15. The Becichs, as owners and operators of the Company, have a substantial financial interest in the Company and are directly involved in:

   a. the hiring and firing of the Company's employees;

   b. the day-to-day operations as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by the Company's employees;

   c. the Company's finances; and

   d. the Company's business decisions.

## CAUSES OF ACTION

### Failure To Pay Overtime

16. The Defendants' practice of failing to pay Gonzalez for overtime hours worked at one and one-half times his appropriate regular rate was and is in violation of the FLSA.

17. Accordingly, Gonzalez is entitled to unpaid overtime pay in an amount which is one and one-half times his appropriate regular rates.

18. Additionally, Gonzalez is entitled to an amount equal to all of his unpaid overtime wages as liquidated damages.

19. Finally, Gonzalez is entitled to reimbursment of his reasonable attorneys' fees and costs incurred in this action. 29 U.S.C. Section 216(b)(2017).

### PRAYER

WHEREFORE, Gonzalez requests that this Court award him judgment against Defendants Bradley Eric Becich, Individually and dba Custom Concrete Coatings, and Janet Lynn Becich, Individually and dba Custom Concrete Coatings, jointly and severally, for the following:

    a.    damages for the full amount of his unpaid overtime compensation;

    b.    an amount equal to his unpaid overtime compensation as liquidated damages;

    c.    reasonable attorneys' fees, costs and expenses of this action;

d.  pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

e.  such other and further relief as may be allowed by law.

Respectfully submitted,

/S/ Mark Siurek
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond Avenue, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond Avenue, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com